**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-21362-JB**

ELIEMER BARROSO LOBAINA,

          Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER,

          Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon the Response and Motion for Reconsideration ("Motion") filed by Petitioner's aunt, Karlida Barroso Palmero, as next friend. ECF No. [10]. Respondent filed a Response to the Motion, and Ms. Palermo filed a Reply. ECF Nos. [12], [13].

### I.   BACKGROUND

On March 2, 2026, Petitioner filed a Verified Petition for Habeas Corpus challenging the constitutionality of his immigration detention at the Krome Processing Center and seeking his immediate release or an individualized bond hearing. ECF No. [1]. On March 5, 2026, Respondent filed a Response in opposition to the Petition. On March 12, 2026, the Court entered an Order Denying Petition for Writ of Habeas Corpus (the "Order"). ECF No. [7]. In the Order, the Court denied the Petition because Petitioner was classified as an "arriving alien" and charged with inadmissibility under Section 212(a)(7)(A)(i)(I) of the Immigration and

Nationality Act, thereby subjecting him to mandatory detention without an individualized bond hearing pursuant to 8 U.S.C. § 1225(b).

On March 20, 2026, Ms. Palmero filed the Motion in which she contends that Petitioner did not have an adequate opportunity to reply to Respondents' Response before the Court entered the Order and asserts various reasons why reconsideration of the Order is warranted.  ECF No. [10].  In particular, Ms. Palmero argues that Petitioner is entitled to the requested in the Petition because (i) the Court has jurisdiction to review Petitioner's detention, (ii) Petitioner's "prolonged detention" violates due process, (iii) failure to exhaust administrative remedies does not bar review, (iv) Petitioner was paroled into the United States, (v) Petitioner is "only 20 years old," (vi) Petitioner's criminal history involved only a "minor traffic matter," (vii) Petitioner has strong family support in the United States, (viii) Petitioner's "prolonged detention" is unnecessary, (ix) habeas review is necessary because Petitioner's request for a bond hearing was denied and his request for parole has not received a response, (x) Petitioner complied with the terms of his parole, (xi) due process requires meaningful review of Petitioner's detention, and (xii) Petitioner's continued detention is unconstitutional because it is no longer reasonably related to its regulatory purpose.  *Id.*

Respondents argue that the Motion should be denied because Ms. Palmero has not been granted "next friend" standing.  ECF No. [12] at 1–2. Respondents also argue that the Motion lacks merit because Petitioner is ineligible for bond given that he is an arriving alien subject to mandatory detention under 8 U.S.C. §

1225(b), and the factors that Ms. Palmero requests the Court consider are irrelevant when determining the legality of Petitioner's detention. *Id.* at 3–4.

## II.   ANALYSIS

Under Rule 59(e), reconsideration is proper when there is: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) a need to correct a clear error of law or fact or prevent manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted); *Banister v. Davis*, 590 U.S. 504, 507 (2020) (Rule 59(e) applies to habeas corpus proceedings). A Rule 59(e) motion cannot be used "[t]o relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" *Townsend v. Gray*, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Putting aside whether Ms. Palmero has standing to file the Motion, the Court has carefully considered the reasons offered for reconsideration, but none justify the relief requested. The Court evaluated the Petition on its merits such that Ms. Palmero's arguments regarding the need or propriety for habeas review are misplaced because the Court provided such review. Ms. Palmero's arguments regarding exhaustion and Petitioner's "minor" traffic violation are similarly misplaced because the Court did not base its Order on either of these grounds. *See*

3

ECF No. [7].  Next, Ms. Palmero's arguments regarding Petitioner's age and family support are unavailing because, even if these were valid considerations when assessing the legality of Petitioner's mandatory detention, they were not raised in the Petition.  A motion for reconsideration cannot raise arguments "that could have been raised prior to the entry of judgment." *Michael Linet, Inc.*, 408 F.3d at 763.

Further, Petitioner's parole into the United States does not warrant reconsideration because the Court considered Petitioner's parole status in its Order. Specifically, the Court explained that Petitioner is subject to mandatory detention despite his initial parole into the United States because Petitioner's parole expired by the time he was re-apprehended and, thus, he is properly classified under the same legal status as when he first entered the United States.  *See* ECF No. [7] at 4–5.  A motion for reconsideration cannot be used to relitigate arguments that the Court considered and rejected.  *See Michael Linet, Inc.*, 408 F.3d at 763.

Finally, Ms. Palmero's arguments regarding Petitioner's "prolonged" detention lack merit.  At the time Petitioner filed the Petition, he had been detained for less than four months and, even today, his detention has not reached the six-month mark.  This is not sufficient to render the length of his detention excessive. *C.f, Demore v. Kim,* 538 U.S. 510, 513 (2003) (six-month mandatory pre-removal detention under 8 U.S.C. § 1226(c) does not constitute due process violation); *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199 (11th Cir. 2016), *vacated*, 890 F.3d 952 (11th Cir. 2018) (noting that an individual's mandatory detention under § 1226(c) without a

bond hearing "may often become unreasonable by the one-year mark, depending on the facts of the case.").

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion for Reconsideration, ECF No. [10], is **DENIED**.  All pending motions are **DENIED AS MOOT**.  This case remains **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of May, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**